## HAUG et al. v. UNITED STATES.
### No. 13170.

District Court, W. D. Washington, N. D.
Sept. 11, 1933.

Martin & Collett, of Seattle, Wash., for libelants.

Anthony Savage, U. S. Atty., and Tom De Wolfe, Asst. U. S. Atty., both of Seattle, Wash.

NETERER, District Judge.

This libel seeks damages under the Public Vessels Act of March 3, 1925 (46 USCA §§ 781–790), and the Suits in Admiralty Act, March 9, 1920 (46 USCA §§ 741–752), for the loss of the Joseph George, a fishing boat owned by Haug and personal property on board belonging to Haug and Lee, a fisherman and member of the crew, and for personal injury sustained by Lee—all occasioned by the Detroit running into and colliding with the Joseph George on the night of July 13, 1931.

The Joseph George was 36 feet long, 10 feet wide, eight gross, and six net tons. The Detroit was and is a public vessel of the United States operated as a light cruiser by the United States Navy, 555 feet long, and on the date of the filing of this libel was on the high seas, and was not within the territorial limits of any judicial district of the United States; that the libelants are now and at all times in issue have been residents of the city of Seattle in the Northern division of the Western district of Washington; the Joseph George was licensed and documented at the port of Seattle as a fishing vessel; that on the night of the 13th day of July, 1931, the Joseph George was at anchor on the high seas on the southerly limits of La Parouse banks from 15 to 20 miles west southwest of Cape Beale, Vancouver Island, and at the time was under the command of Magnus Haug, the owner and master. Bergman Lee was on board as a fisherman and member of the crew.

The Detroit was approaching from a south southeasterly direction to the La Parouse fishing banks where approximately 150 fishing vessels lay at anchor in the immediate vicinity and to and around the Joseph George at anchorage, and displaying their anchor lights, the vessels being approximately 300 yards apart. The Detroit was maintaining a uniform speed at 12 knots per hour. It saw the lights and changed its course 20 degrees to port. The bridge is 40 feet above the water line and 150 feet abaft the stem. The sea was smooth; "visibility was high." A lookout was stationed on each end of the bridge, one lookout saw a glare 150 feet forward and gave order to change 5 degrees and then 10. A small 6-volt battery light was on the Joseph George at 10 o'clock, about an hour before the collision. The light on the Joseph George was not burning at the time of the collision. The lookouts and officers on the bridge of the Detroit saw no light on the Joseph George except a light low down on the boat. The Detroit ran into the Joseph George and injured it to the extent that she was a total loss. The reasonable value of the Joseph George was $2,700; Haug lost personal property, clothing, etc., to the value of $540; and Lee, clothing and personal property to the value of $170. Lee, also, received an injury to his arm, which disabled him to a degree and he was three months without work and entailed some suffering, at a loss of $450. The evidence of value of lost articles is most unsatisfactory, and the admitted depreciation of 15 per cent. from cost, or list price, on exhibits is not the value. The above amounts are the most the court can find.

The navigating officers of the Detroit knew that the place where the Joseph George was anchored was a fishing ground, and that the numerous vessels anchored on these grounds were fishing vessels. The master testified that the visibility was such that he could see for a distance of ten miles; that there were fishing boats anchored all around the point of collision. And the conclusion must follow that the Detroit was not navigated with the diligence which the law required, in that it moved into a zone of known danger at 12 knots an hour which was excessive in the circumstances, with lights on fishing boats all around, when it could have timely, under starboard helm, maneuvered to port and avoided all possibility of danger. The Joseph George lacked in performance of duty, in that it did not maintain a light as the law requires, at all times. There is no evidence that the light was burning after 10 o'clock, and all of the officers of the Detroit say there was no light.

It is obvious that both vessels are at fault, and the damages in this case should be equally divided, neither party to recover costs.

A discussion of the law would not be elucidating. There can be no difference of opinion as to the law or the rules applicable to the facts. This memo. is the court's finding and conclusion. Decree accordingly.